HENRY BUCKNER *v.* STATE OF MISSISSIPPI.

HOMICIDE. *Newly discovered evidence. Alibi. New trial. Hour of killing.*
　　Newly discovered evidence that the decedent was killed at an hour clearly within the period covered by the proof of an alibi entitles one convicted of homicide to a new trial, there having been no evidence on his trial to fix the hour of the killing.

FROM the circuit court of Adams county.
HON. JEFF TRULY, Judge.

Buckner, the appellant, and Dobins were jointly indicted for the murder of one Myers, a fisherman. Dobins, a severance having been had, was convicted, and sentenced to the penitentiary, and appellant was separately tried, convicted and sentenced to be hanged. Dobins was the principal witness against appellant. Appellant's defense was an alibi. He proved his absence from the place where the murder was committed until 2 or 3 o'clock in the afternoon of the day of the killing, and it was shown that he left the gin house about that time, alone; and it was not shown on the trial what time of day the killing occurred, but it was shown that the news of the killing reached

the gin house after appellant left there, and the witnesses swore that when the body was found it appeared to have been dead for some time. Defendant, after conviction, made a motion for a new trial on the ground of newly discovered evidence. In support of the motion he offered the affidavits of two persons to prove that they heard of the death of Myers as early as 11 o'clock A.M. on the day he was killed, and also offered the affidavits of himself and attorneys to the effect that they had exercised due diligence, and did not learn until after the trial that Myers was killed as early as 11 o'clock A.M. that day. The motion for a new trial was overruled, and defendant appealed to the supreme court.

*Ernest E. Brown* and *K. Palmer Lanneau,* for appellant.

The court erred in refusing to set aside the verdict and grant the defendant a new trial on ground of new discovered evidence. The news of the death of the fisherman did not reach Hargraves' gin until about 2 o'clock P.M.

It was, therefore, of vital importance to show the murder was committed before defendant separated from his companions between 1 and 2 o'clock P.M. In support of the motion for a new trial, defendant filed the affidavits of Alex. Mazique and Walter Hall that they learned of the death of the fisherman between 10 and 11 A.M., and both swore positively that it was not later than 11 A.M. The affidavits of Buckner and his counsel were also filed that they had exercised due diligence and they did not learn until after the trial that it could be proven the fisherman was dead as early as 11 A.M.

*William Williams,* assistant attorney-general, for appellee.

The newly discovered evidence is not such as would warrant this court in reversing this case. The only effect of this evidence would be to make a conflict in the whole evidence as to the time.

Before the court would be warranted in reversing the conviction and awarding appellant a new trial on the ground of newly discovered evidence, the appellant must show that he used due diligence in his preparation for trial, and that the testimony on which he relies could not have been discovered sooner, and that it is material, and not cumulative, and that, in all probability, it would produce a different result on the second trial. *Cooper* v. *State,* 53 Miss., 393.

The newly discovered evidence would not produce a different result.

WHITFIELD, J., delivered the opinion of the court.

The testimony of the witness Dobins, the sole evidence on which this verdict can be supported, is in many respects very peculiar, and this unsatisfactory character of his testimony makes it extremely important that the newly discovered evidence should be heard. We are not willing to sanction a verdict depriving the appellant of his life on the present state of this record; rather let the evidence set out in the motion for a new trial be heard, and its value determined, by another jury. We think that the rules governing new trials on account of newly discovered evidence were fully complied with under all the circumstances of this case. Buckner's defense was an alibi, and the time of the killing, in view of that defense and the evidence in this case, was vitally important to the solution of the question whether Buckner committed the act.

*Reversed and remanded.*